Charlie BROOKS, Jr.,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 82–1613.

United States Court of Appeals,
Fifth Circuit.

April 7, 1983.

Paul, Weiss, Rifkind, Wharton & Garrison, Jay Topkis, Eric M. Freedman, Michael G. Carey, Matthew E. Fishbein, Eleanor G. Ostrow, Jack Greenberg, Joel Berger, Anthony G. Amsterdam, N.Y., Univ. School of Law, New York City, for petitioner-appellant.

Gerald H. Goldstein, San Antonio, Tex., for amicus curiae TCLU.

Mark White, Atty. Gen., Leslie A. Benitez, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Frederick M. Schattman, C. Chris Marshall, Asst. Dist. Attys., Fort Worth, Tex., for amicus curiae Tim Curry, Crim. Dist. Atty.

Before RUBIN, JOHNSON, and WILLIAMS, Circuit Judges.

PER CURIAM:

Petitioner Charlie Brooks, Jr. was executed by lethal injection on December 7, 1982. His execution followed a series of unsuccessful applications to the U.S. District Court for the Northern District of Texas, to this court, and to the U.S. Supreme Court for a stay of execution pending appeal of the denial of a writ of habeas corpus.

On November 9, 1982, the U.S. District Court for the Northern District of Texas issued Brooks a certificate of probable cause to appeal denial of his habeas petition. However, the district court denied Brooks's motion for a stay of execution pending appeal. On November 15, 1982,

Brooks lodged with this court a motion for a stay of execution. In support of his motion, Brooks asserted the same grounds of constitutional error in his state trial that he had presented to the federal district court and also offered one new ground for relief. We considered all the issues and arguments presented to us and concluded that none of them had substantial merit. We, therefore, denied the application for a stay. *Brooks v. Estelle,* No. 82–1613 (5th Cir. Nov. 26, 1982). Thereafter, Brooks filed an application for reconsideration of our denial. He noted several new issues that he intended to present on appeal. After careful consideration of all the issues brought to our attention, we again concluded that Brooks had shown no basis for a stay. *Brooks v. Estelle,* 697 F.2d 586 (5th Cir.1982).

After our denial of Brooks's second application, Brooks unsuccessfully sought a stay of execution from the Texas Board of Pardons and Paroles. He had in the meanwhile applied to the United States Supreme Court, which denied his application for a stay by a 6–3 vote. —— U.S. ——, 103 S.Ct. 1490, 74 L.Ed.2d 643 (1982). Treating Brooks's papers alternatively as a petition for certiorari, the court also denied certiorari. *Id.* Brooks then filed a new motion for a stay in the U.S. District Court for the Northern District of Texas, and also sought clemency from the Governor of Texas. These requests were also denied.

He returned to this court a third time, during the night of December 6, 1982, proffering a final new issue as a basis for a stay of execution. We concluded that the new issue was not substantial and orally denied the stay. Having failed to gain a stay of execution, Brooks was executed on December 7, 1982 at approximately 12:10 a.m.

In his application to this court, Brooks presented all the issues which he intended to make the basis of his appeal. We gave serious consideration to each issue. In denying Brooks's applications, we held that he raised no substantial question of a violation of federal constitutional requirements in his conviction and sentencing, and that his arguments to us lacked substantial merit.

We now dismiss the appeal as moot.